UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID I. GRAZETTE,

                Plaintiff,

      -against-

ROCKEFELLER; CITY OF NEW YORK
POLICE DEPARTMENT; RCPI
LANDMARK PROPERTIES, LLC; NEW
YORK PRESBYTERIAN CORNELL
HOSPITAL,

                Defendants.

20-CV-0965 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

       Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated his federal civil rights. By order dated March 18, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

STANDARD OF REVIEW

       The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

       While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. On September 25, 2019, while visiting a lawyer at 30 Rockefeller Plaza in Manhattan, Plaintiff David Grazette was detained and arrested by "a man who identified himself by the name of Robert Muller." (ECF No. 2, at 5.) Mr. Muller was accompanied by two New York City Police officers who "were following his lead." (*Id.*) Plaintiff was handcuffed and held in a room for four hours before being involuntarily admitted to New York Presbyterian Cornell Medical Center "under the FALSE PRETENSE that [he] was 'running around the Rockefeller Plaza building training for a marathon and pulling fire

alarms.'" (*Id.*) (emphasis and internal quotations in original). While at New York Presbyterian,

Dr. Herd and another doctor interviewed Plaintiff. A third doctor, Emily Menand, did not

interview Plaintiff but signed off on an "involuntary admission on medical certification" under

Section 9.27 of New York Mental Hygiene Law. (*Id.* at 5-6).

On September 29, 2019, Plaintiff was sent to Gracie Square Hospital "under the FALSE

PRE[]TENSE that [he] wanted to kill a cop.'" (*Id.* at 6) (emphasis and internal quotations in

original). Plaintiff was discharged from Gracie Square on October 4, 2019. While at Gracie

Square, he was forced to take medicine that "negatively affected the enertia [sic] of [his]

endocrine system." (*Id.*)

Plaintiff names as Defendants the City of New York Police Department, the Rockefeller

Group, RCPI Landmark Properties, and New York Presbyterian-Cornell Hospital, and asserts

claims of "false arrest, wrongful arrest, [and] malpractice." (*Id.* at 2.) He seeks money damages.

## DISCUSSION

The Court liberally construes the complaint as asserting claims under 42 U.S.C. § 1983

that Plaintiff was arrested, involuntarily committed, and forcibly medicated in violation of his

federal constitutional rights. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both

that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the

right was violated by a person acting under the color of state law, or a "state actor." *West v.

Atkins*, 487 U.S. 42, 48-49 (1988).

### A.    Claims Against the City of New York Police Department

The Court must dismiss Plaintiff's claims against the New York City Police Department

because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter

ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of

any law shall be brought in the name of the city of New York and not in that of any agency,

except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

The Court declines to construe the complaint as asserting claims against the City of New York. When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). Plaintiff does not allege that a custom, policy, or practice of the City of New York caused a violation of his constitutional rights. The Court therefore dismisses Plaintiff's claims against the City of New York Police Department, and declines to construe the complaint as asserting claims against the City of New York.

B.     **State Action**

To state a claim under § 1983, a plaintiff must allege that a federal right was violated by a person acting under the color of state law, or a "state actor." *West*, 487 U.S. at 48-49. Private parties are generally not liable under § 1983. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d

Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). But a private entity's activity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012).

A private hospital and its staff are not state actors under § 1983 when they involuntarily commit a plaintiff to a psychiatric hospital under New York's Mental Hygiene Law. *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014); *Doe v. Harrison*, 254 F. Supp. 2d 338 (S.D.N.Y. 2003). New York Presbyterian Cornell Hospital is therefore not a state actor under § 1983.

Plaintiff has alleged no facts suggesting that the Rockefeller Group and RCPI satisfy the requirements of the compulsion, close nexus, or public function tests.[1] *See Fabrikant*, 691 F.3d at 207. The Court therefore dismisses Plaintiff's claims against these defendants for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.    False Arrest

A claim for false arrest under § 1983 incorporates the elements of a false arrest claim under state law. *See Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003). To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to

---

[1] Moreover, Plaintiff has failed to allege facts showing that the Rockefeller Group and RCPI were directly and personally involved in the alleged deprivation of his constitutional rights. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not

consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v.*

*United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable

cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable

cause to arrest constitutes justification and is a complete defense to an action for false arrest.")

(quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

Pursuant to New York Mental Hygiene Law § 9.41, a police officer is authorized to "take

into custody any person who appears to be mentally ill and is conducting himself . . . in a manner

which is likely to result in serious harm to the person or others." N.Y. Mental Hygiene Law

§ 9.41. "Likely to result in serious harm" is defined as:

> (a) a substantial risk of physical harm to the person as manifested by threats of or
> attempts at suicide or serious bodily harm or other conduct demonstrating that the
> person is dangerous to himself or herself, or (b) a substantial risk of physical harm
> to other persons as manifested by homicidal or other violent behavior by which
> others are placed in reasonable fear of serious physical harm.

N.Y. Mental Hygiene Law § 9.01.

In assessing whether an officer had probable cause under § 9.41, courts apply the same

objective reasonableness standard that is applied in the Fourth Amendment context. *See Arroyo v.*

*City of N.Y.*, ECF 1:14-CV9953, 49, 2016 WL 8677162, at *3 (S.D.N.Y. July 8, 2016), *aff'd*, No.

16-2425, 2017 WL 1087926 (2d Cir. Mar. 21, 2017). In other words, the relevant inquiry is

"whether the facts and circumstances known to the officers at the time they seized Plaintiff were

sufficient to warrant a person of reasonable caution to believe that he might be mentally ill and

conducting himself in a manner likely to result in serious harm to herself or others." *Xiao Qing*

*Liu v. New York State Dep't of Health*, ECF 1:16-CV-4046, 99, 2017 WL 3393944, at *5

(S.D.N.Y. Aug. 7, 2017).

Accepting Plaintiff's allegations as true, which the Court is required to do at this stage, the complaint does not suggest that he was acting in a way likely to harm himself or others. But Plaintiff nonetheless fails to state a § 1983 false arrest claim because he does not sue the proper defendants. In any amended complaint, Plaintiff should name as defendants those individual police officers who he alleges were personally and directly involved in arresting him without probable cause.

### D.      Due Process – Involuntary Commitment

The Court liberally construes Plaintiff's allegations as asserting claims that he was involuntarily committed to a psychiatric hospital in violation of his rights under the Due Process Clause of the Fourteenth Amendment. An involuntary commitment is a "massive curtailment of liberty" that "cannot permissibly be accomplished without due process of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995) (quoting *Vitek v. Jones*, 445 U.S. 480, 491 (1980)). "Substantive due process prohibits states from involuntarily committing nondangerous mentally ill individuals." *Bolmer v. Oliveria*, 594 F.3d 134, 142 (2d Cir. 2010) (citing *O'Connor v. Donaldson*, 442 U.S. 563, 575-76 (1975)). Procedural due process requires that an involuntary civil commitment cannot continue without a hearing, at which the substantive requirements for commitment must be established by clear and convincing evidence. *Rodriguez*, 72 F.3d at 1061 (citing *Addington v. Texas*, 441 U.S. 418, 423-31 (1979)).

Under New York's statutory scheme, an individual can be subject to civil commitment under Chapter 9 of New York's Mental Hygiene Law. That provision requires a showing that the patient poses a danger to himself or others before commitment, and provides numerous procedures to ensure that the involuntary commitment is appropriate. *See* N.Y. Mental Hygiene Law § 9. The Second Circuit has held the provisions of the Mental Hygiene Law to be facially constitutional. *See Project Release v. Provost*, 722 F.2d 960, 971 (2d Cir. 1983). In deciding a

due process claim under § 1983, however, federal courts must independently assess whether the state's application of these procedures to the plaintiff's case violated a constitutional right. *See Charles W. v. Maul*, 214 F.3d 350, 357 (2d Cir. 2000).

Here, Plaintiff does not allege sufficient facts to state a claim that he was involuntarily committed without due process of law. He asserts that he was involuntarily admitted to New York Presbyterian under the "false pretense" that he was running around Rockefeller Center and pulling fire alarms, and then involuntarily admitted on medical certification to Gracie Square under the "false pretense" that he wanted to kill a cop. But he alleges no other facts to support a claim that he was admitted without due process. In fact, he states that before being admitted to Gracie Square, he was interviewed by two doctors, whose conclusions were then reviewed and approved by a third doctor, a procedure which appears consistent with § 9.27 of the New York Mental Hygiene Law. The Court grants Plaintiff leave to file an amended complaint to assert any facts that support a claim that he was involuntarily committed without due process of law, and to name the individual defendants who he asserts violated his rights.

**E.     Due Process – Forced Medication**

The Court liberally construes Plaintiff's complaint as asserting that doctors at Gracie Square forcibly medicated him in violation of his rights under the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment protects an individual's "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs." *Washington v. Harper*, 494 U.S. 210, 221-222 (1990); *see, Kulak v. City of N.Y.*, 88 F.3d 63, 74 (2d Cir.1996) ("It is a firmly established principle of the common law of New York that every individual of adult years and sound mind has a right to determine what shall be done with his own body and to control the course of his medical treatment." (quotations omitted)). The Second Circuit has held that the New York State statutory scheme governing involuntary medication meets "the minimum facial

8

requirements of due process – both substantive and procedural." *Project Release v. Prevost*, 722 F.2d 960, 971 (2d Cir. 1983).

To state a § 1983 claim arising from the forced administration of medication, a plaintiff must allege facts showing that he refused the medication before it was administered, *see, e.g.*, *Ambrose v. Dell*, No. 12-CV-6721, 2016 WL 894456, at *3 (S.D.N.Y. Mar. 8, 2016), and that the medicine was administered without court authorization or in the absence of an emergency situation, as required by New York State law. *See, e.g.*, *Spencer v. Bellevue Hosp.*, No. 11-CV-7149, 2012 WL 1267886, at *8 (S.D.N.Y. Apr. 12, 2012).

Here, Plaintiff's allegations are not sufficient to state a claim that he was medicated without due process. He merely alleges that he was "forced to take medicines" that negatively impacted his endocrine system. (ECF No. 2, at 6.) But he does not allege facts suggesting that he was medicated in violation of the Fourteenth Amendment. Nor does he name as a defendant the doctor or nurse who he alleges forced him to take the medication. The Court grants Plaintiff leave to file an amended complaint that asserts any facts that support a forced medication claim and to name the individuals who medicated him against his will.

**LEAVE TO AMEND**

The Court grants Plaintiff leave to amend his complaint to detail his § 1983 claims for false arrest and violations of his right to due process. First, Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

    a)  give the names and titles of all relevant persons;

    b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

    c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

    d)  give the location where each relevant event occurred;

    e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

    f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to

---

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

**CONCLUSION**

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-0965 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

This order is to be mailed in chambers.

SO ORDERED.

Dated:    April 21, 2020
          New York, New York

                                        _Louis L. Stanton_
                                         Louis L. Stanton
                                         U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

             **-against-**

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  □ Yes     □ No

            (check one)

___ **Civ.** _____ (    )

**I.**     **Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's     Name_____
                ID#_____
                Current Institution_____
                Address_____
                _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1     Name _____ Shield #_____
                       Where Currently Employed _____
                       Address _____
                       _____

Defendant  No. 2        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 3        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


| Who did
| what? |

Defendant  No. 4        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 5        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


**II.     Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____


B.      Where in the institution did the events giving rise to your claim(s) occur?

_____


C.      What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____


D.      Facts:_____

_____

| What
| happened
| to you? |

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |

_____
_____
_____
_____
_____

| Who else saw what happened? |

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

        Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____      No _____      Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____      No _____      Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____      No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____      No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
         _____

        _____

        2.      What was the result, if any?
         _____

        _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
                _____
                _____
                _____

_____
_____
_____

    2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

**VI.   Previous lawsuits:**

<table>
<tr><td>

**On these claims**

</td><td>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

</td></tr>
</table>

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

      1.     Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

      2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.      Docket or Index number _____

_____ 4.      Name of Judge assigned to your case_____

      5.      Approximate date of filing lawsuit _____

      6.      Is the case still pending?  Yes _____   No _____

              If NO, give the approximate date of disposition_____

      7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<table>
<tr><td>

**On other claims**

</td><td>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

</td></tr>
</table>

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

      1.     Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

      2.      Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.      Docket or Index number _____

_____ 4.      Name of Judge assigned to your case_____

      5.      Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____
        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there
        judgment in your favor?  Was the case appealed?)  _____
        _____
        _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of _____, 20___.

                        Signature of Plaintiff     _____

                        Inmate Number              _____

                        Institution Address        _____

                                                   _____

                                                   _____

                                                   _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
        their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.


                        Signature of Plaintiff:  _____