UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/2/2020
```

DAVID I. GRAZETTE,

                                   Plaintiff,

                 -against-

ROCKEFELLER, *et al*.,

                                   Defendants.

20-CV-0965 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights.[1] By order dated March 18, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] By order dated April 21, 2020, Judge Stanton directed Plaintiff to file an amended complaint within sixty days. (ECF No. 9.) By order entered July 20, 2020, Judge Stanton dismissed the action for Plaintiff's failure to file an amended complaint. (ECF No. 10.) On July 21, 2020, Plaintiff filed an amended complaint (ECF No. 13), and by order dated August 24, 2020, Judge Stanton vacated the previous order of dismissal and directed that the action be reopened for further proceedings (ECF No. 16). The amended complaint (ECF No. 13) is currently the operative pleading.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A.     Claims against the State of New York

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to

state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's § 1983 claims against the State of New York as barred by the Eleventh Amendment.

**B.      Claims against the New York City Landmark Preservation Commission**

Any claims Plaintiff may be asserting against the New York City Landmark Preservation Commission must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Here, Plaintiff sues both the New York City Landmark Preservation Commission and the City of New York. The Court therefore dismisses any claims Plaintiff may be asserting against the New York City Landmark Preservation Commission as redundant of his claims against the City of New York.

**C.      Claims against Tara Mullen, Anna Chin, and "Anthony"**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for

the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An

individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

Plaintiff does not allege any facts showing how Defendants Tara Mullen, Anna Chin, and

"Anthony" were personally involved in the events underlying his claims. The Court therefore

dismisses Plaintiff's claims against these defendants for failure to state a claim on which relief

may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## D.    Service on remaining named defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of

Civil Procedure generally requires that the summonses and complaint be served within 90 days

of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

summonses and amended complaint until the Court reviewed the amended complaint and

---

[2] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants City of New York, Robert Muller, Emily Menand, Sharon Hird, Smita Agarkar, Emilee Anne Nawa, Matthew Levin, and the New York-Presbyterian Healthcare System through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**E.      *Valentin* order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the City of New York to identify the seven New York City Police Officers who were involved in the events at 30 Rockefeller Center on September 25, 2019, as described in the amended complaint. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the City of New York, must ascertain the

identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the John Doe defendants. The second amended complaint will replace, not supplement, the amended complaint. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen the second amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

Because Plaintiff alleges no facts suggesting that any of the John Doe ambulance drivers that he names as defendants were personally involved in any alleged violation of his rights, the Court declines to issue a *Valentin* order to ascertain the identities of these defendants at this time.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the State of New York as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court dismisses Plaintiff's claims against the New York City Landmark Preservation Commission, Tara Mullen, Anna Chin, and "Anthony" for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for the City of New York, Robert Muller, Matthew Levin, Emilee Anne Nawa, New York-Presbyterian Healthcare System, Smita Agarkar, Emily Menand, and Sharon Hird, and

deliver to the U.S. Marshals Service all documents necessary to effect service on these defendants.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007.

A "Second Amended Complaint" form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   9/1/2020
         New York, New York

_____
ALISON J. NATHAN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.  The City of New York
    New York City Law Department
    100 Church Street
    New York, NY 10007

2.  Robert Muller
    30 Rockefeller Plaza
    New York, NY 10112

3.  Matthew Levin
    Gracie Square Hospital
    420 E. 76th Street
    New York, NY 10021

4.  Emilee Anne Nawa
    Cornell Hospital
    449 E. 68th Street
    New York, NY 10065

5.  New York-Presbyterian Healthcare System
    525 E. 68th Street
    New York, NY 10065

6.  Smita Agarkar
    Gracie Square Hospital
    420 E. 76th Street
    New York, NY 10021

7.  Emily Menand
    Cornell Hospital
    449 E. 68th Street
    New York, NY 10065

8.  Sharon Hird
    New York Presbyterian Weill Cornell Medical Center
    449 E. 68th Street
    New York, NY 10065