UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID I. GRAZETTE,

                      Plaintiff,

-v-                                            CIVIL ACTION NO.: 20 Civ. 965 (AJN) (SLC)

ROCKEFELLER, *et al.*,                      **ORDER**

                      Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

On October 26, 2020, Defendant City of New York filed a Letter-Motion to Stay proceedings in this action until 30 days after the resolution of a Civilian Complaint Review Board ("CCRB") investigation into the underlying allegations in this case. (ECF No. 32). In pertinent part, Defendant represents that the decision of whether to represent individual municipal defendants (made pursuant to General Municipal Law § 50-(k)) may be hindered until the CCRB investigation concludes, and that the parties will have limited access to documents and CCRB work product during the investigation. (ECF No. 32 at 2).

Shortly thereafter, on November 2, 2020, Defendant requested a sixty-day extension (ECF No. 35) of the deadline to identify John Doe Defendant officers pursuant to the Court's Valentin order within the Order of Service (ECF No. 19 at 5–6). The Court granted that request and extended Defendant's deadline to identify the remaining NYPD John Doe Defendants until Monday, January 4, 2021. (ECF No. 36).

Plaintiff pro se David Grazette wrote to the Court by letter dated October 30, 2020 (ECF No. 37) opposing Defendant's stay request. Mr. Grazette opposes the stay request out of concern

that it will delay this action.  (Id.)  Mr. Grazette further notes his discomfort with consenting to Defendant's request "without a timeline."  (Id.)

The Court concludes that a stay will not itself delay this action because, as noted by Defendant, the parties may not have meaningful access to relevant documents while the CCRB investigation is pending.  (ECF No. 32 at 2).  Further, Defendant represents that "due in large part to the continuing effects of the COVID-19 pandemic, fulfillment of NYPD document and information requests continues to be delayed," which has thus far hindered Defendant's ability to identify all but one of the John Doe Defendant officers.  (ECF No. 35 at 2).

Accordingly, Defendant's Letter-Motion for a Stay of proceedings in this action until 30 days after the resolution of the CCRB investigation is GRANTED.  Accordingly, the deadlines, including to identify the remaining John Doe defendants (see ECF No. 36) are adjourned sine die until after the conclusion of the CCRB investigation.

Defendant is ORDERED to submit a Status Report updating the Court and Plaintiff about the status of the CCRB's investigation on **Tuesday, January 5, 2021**.  The parties are advised that the Court may revisit or modify the terms of this stay depending on the information contained within this and any future Status Reports.

The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Grazette at the address below and to close ECF No. 32.

Dated:     New York, New York
           November 6, 2020

SO ORDERED

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

Mail To:   David I. Grazette
           285 Pulaski Street
           Apartment 4R
           Brooklyn, New York 11206