UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/26/22
```

David I. Grazette,

                Plaintiff,

      –v–

Rockefeller, et al.,

                Defendants.

20-cv-965 (AJN) (SLC)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff David Grazette filed this action against several institutional and individual Defendants. On March 24 and 25, 2021, Mr. Grazette filed motions for default against two of those individual Defendants, Matthew Levin and Smita Agarkar. For the following reasons, the Court DENIES both motions.

## I.    Background

    Mr. Grazette filed this action, pro se, on February 4, 2020. Dkt. No. 2. On July 21, 2020, he filed an amended complaint that named a total of 25 individual and institutional Defendants. Am. Compl., Dkt. No. 13.[1] Among the individual Defendants are Dr. Matthew Levin and Dr. Smita Agarkar, both of whom Mr. Grazette allegedly encountered at the Gracie Square Hospital, a member of the New York-Presbyterian Healthcare System. *Id.* at 9–10. Mr. Grazette alleges that Agarkar "assaulted" him and forced him to ingest medication. *Id.* at 10.

---

[1] Many of these Defendants are unnamed John Does. As of the Court's order dated January 7, 2022, the City has been ordered to identify the John Doe Defendants. Dkt. No. 77.

1

On November 6, 2020, the Court stayed this action to permit the Defendant City of New York's Civil Complaint Review Board to investigate the misconduct by officers of the New York Police Department that Mr. Grazette alleged. Dkt. No. 38. Mr. Grazette filed proof of service of the amended complaint to Levin and Agarkar on December 4, 2020. Dkt. Nos. 40, 41. Neither individual has filed a notice of appearance in this action. On March 24 and 25, 2021, Mr. Grazette filed motions for default judgments against both Levin and Agarkar. Agarkar Motion, Dkt. No. 51; Levin Motion, Dkt. No. 52. The Court on May 5, 2021, explained that it would address Mr. Grazette's motions after the stay was lifted. Dkt. No. 56.

Upon notice that the Board had completed its investigation, the Court lifted the stay of the action on January 7, 2022. Dkt. No. 77. It is now appropriate to consider Mr. Grazette's motions for default judgment.

**II.     Legal Standard**

Federal Rule of Civil Procedure 55 sets out a two-step procedure for the entry of judgment against a party who fails to defend: the entry of a default and the entry of a default judgment. *New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 128 (2d Cir. 2011); Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Green*, 420 F.3d at 104. "A default judgment

must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The Court must still determine whether the allegations in the complaint state a claim upon which relief may be granted. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

### III. Discussion

The Court denies both of Mr. Grazette's motions, as they share three dispositive defects.

*First*, Mr. Grazette has failed to obtain a certificate of default from the Clerk of Court. This requirement must be satisfied before filing a motion for default judgment. *See, e.g.*, *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011). Obtaining a certificate of default requires complying with Local Civil Rule 55.1 of the United States District Courts for the Southern and Eastern Districts of New York. Local Rule 55.1 states that the moving party "shall file":

(a) a request for a Clerk's Certificate of Default; and

(b) an affidavit demonstrating that:

(1) the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person;

(2) the party has failed to plead or otherwise defend the action; and

(3) the pleading to which no response has been made was properly served.

A proposed Clerk's Certificate of Default form must be attached to the affidavit. Local Civ. R. 55.1; *see also* Local Civ. R. 55.2 (requiring that the moving party serve the issued certificate of default to the non-appearing party and attach it to the moving party's motion for default judgment).

*Second*, Mr. Grazette's two-sentence motions for default judgment do not identify the claims for which he seeks default judgment against each Defendant, let alone satisfy his burden

3

as the party moving for default judgment of demonstrating that the allegations in the amended complaint state a claim upon which relief may be granted. Based on the materials presented, the Court cannot determine "whether [the] plaintiff's allegations are *prima facie* sufficient to demonstrate liability for the cause of action as to which they are seeking a default judgment." *Morozov v. ICOBOX Hub Inc.*, No. 18-cv-3421 (GBD) (SLC), 2020 WL 5665639, at *1 (S.D.N.Y. May 5, 2020), *report and recommendation adopted*, 2020 WL 5665563 (S.D.N.Y. Aug. 18, 2020).

  *Further*, even if the Court found adequate allegations of Levin's and Agarkar's liability, unlike with allegations of liability, "the allegations in the complaint with respect to the amount of the *damages* are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (emphasis added). The Court may award only those damages it can ascertain with "reasonable certainty." *Id.* (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)); *see also Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (requiring, for example, "detailed affidavits and documentary evidence" to ascertain the amount of damages (internal citation omitted)). Mr. Grazette has produced no proof of damages, and certainly no proof sufficient to calculate damages owed with reasonable certainty.

  *Third*, the other Defendants' continued participation in this litigation precludes Mr. Grazette's requests for default judgment as to Levin and Agarkar. "[D]efault judgment cannot be issued where the relief requested would prejudice actively litigating defendants." *Knowles-Carter v. Feyonce, Inc.*, No. 16-CV-2532 (AJN), 2017 WL 11567528, at *5 (S.D.N.Y. Sept. 23, 2017) (collecting cases). "The key inquiry is whether the default judgment could result in inconsistent outcomes for similarly situated defendants." *El Omari v. Buchanan*, No. 20-CV-

4

2601 (VM), 2021 WL 465431, at *3 (S.D.N.Y. Feb. 9, 2021); *Aspen Ins. UK Ltd. v. A & R Able Corp.*, No. 12-CV-00261 (AJN), 2013 WL 10897793, at *1 (S.D.N.Y. Jan. 2, 2013).

According to the amended complaint, Levin and Agarkar were both employees in the New York-Presbyterian Healthcare System.  Am. Compl. at 9–10.  The New York-Presbyterian Healthcare System is also a named Defendant and continues to actively deny its liability, most recently in a motion to dismiss filed January 18, 2022.  Dkt. No. 79.  The amended complaint's allegations against New York Presbyterian's employees could implicate its liability as an employer, undercutting the Court's ability to "delineate the culpability of any of the specific Defendants from that of the others."  *Knowles-Carter*, 2017 WL 11567528, at *6.  The Court finds a significant risk of inconsistent results and prejudice that would result to the other, non-defaulting Defendants, making default judgments against Levin and Agarkar inappropriate at this time.

Yet Mr. Grazette will not suffer significant prejudice from this denial.  Even if the Court could determine Levin and Agarkar's liability now, it is well-established that "a court should not enter final judgment as to damages until after [the] conclusion of the merits-phase of the proceedings against the actively litigating defendants."  *Knowles-Carter*, 2017 WL 11567528, at *5; *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, 505 F. Supp. 3d 137, 161 (N.D.N.Y. 2020).  "Without a damages calculation to accompany the liability determination, no final judgment could be entered in Plaintiff['s] favor, and there could be no enforceable judgment that [he] could attempt to collect."  *Hunter*, 505 F. Supp. 3d at 163 (quoting *Lemache v. Tunnel Taxi Mgmt., LLC*, 354 F. Supp. 3d 149, 155 (E.D.N.Y. 2019)).

**IV.    Conclusion**

For the foregoing reasons, the Court DENIES Mr. Grazette's motions for default judgment against Defendants Levin and Agarkar. Mr. Grazette may refile the motions only after the claims against the other Defendants are resolved. The Court concludes that oral argument is unnecessary and denies Mr. Grazette's motion. Dkt. No. 53.

This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, so in forma pauperis status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk's office is respectfully directed to mail a copy of this Memorandum Opinion and Order to Mr. Grazette and note the mailing on the public docket.

This resolves docket numbers 51, 52, and 53.

SO ORDERED.

Dated: January 26, 2022
      New York, New York

_____
ALISON J. NATHAN
United States District Judge